IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ELIZABETH HALL,

          Plaintiff,

v.                                                         CIVIL ACTION NO.  5:05-cv-00508

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.

**MEMORANDUM OPINION**

*I.  BACKGROUND*

This is an action seeking review of the final decision of the Commissioner of Social Security ("Defendant") denying Plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.  By Standing Order filed on June 24, 2005, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation ("PF&R").  Magistrate Judge VanDervort filed his PF&R on November 8, 2006 [Docket 15].  In that filing, the magistrate judge recommended that this Court: (1) deny Plaintiff's Motion for Judgment on the Pleadings; (2) grant Defendant's Motion for Judgment on the Pleadings; (3) affirm the final decision of the Commissioner; and (4) dismiss this matter from the Court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's PF&R. On November 27, 2006, Plaintiff filed timely objections [Docket 16], Defendant responded to

Plaintiff's objections on December 13, 2006 [Docket 17], and Plaintiff replied [Docket 19]. After review of the record, the Court incorporates by reference the factual and underlying procedural history of this case as set forth in Magistrate Judge VanDervort's PF&R.

## *II. OBJECTIONS TO PF&R*

Plaintiff objects to the magistrate judge's PF&R on two grounds arguing in both that the decision of the Administrative Law Judge ("ALJ") did not consider all of the evidence as required by 20 C.F.R. § 416.920 (a)(3). First, Plaintiff asserts that the ALJ ultimately made no findings with respect to Plaintiff's diagnosis of Panic Disorder without Agoraphobia by Kelly Rush, M.A., a supervised psychologist that conducted a consultative psychological examination of Plaintiff.[1] Therefore, Plaintiff states the ALJ applied an incorrect and improper legal standard and should be reversed. Defendant responds by arguing that the ALJ did in fact discuss all of the evidence, particularly the conflicting diagnoses. Furthermore, Defendant argues that a diagnosis is a label given to a set of symptoms and the ALJ correctly analyzed Plaintiff's functional capacity resulting from her subjective symptoms.

Next, Plaintiff contends that the ALJ erred by not taking into account the testimony of Plaintiff's grandmother because 20 C.F.R. § 416.920(a)(3) and 20 C.F.R. § 416.913(d)(4) require the ALJ to consider other sources of evidence besides acceptable medical sources, such as spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy. Plaintiff argues that the cases cited by the magistrate judge are not persuasive, and the controlling Fourth Circuit law demands that the ALJ consider all lay and medical evidence, address the credibility of that evidence, and give the reasons for the findings. Defendant responds that the ALJ did not disregard Plaintiff's

---

[1] During this examination, a licensed psychologist, Dale Rice, supervised.

grandmother's testimony because the ALJ stated that she testified at the first hearing, and that the testimony was brief and added little new information.

### III. STANDARD OF REVIEW

The Court's review in this case is limited to determining if the factual findings of the ALJ are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). "'If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."'" *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws*, 368 F.2d at 642). However, "[i]t is not within the province of a reviewing court to determine the weight of the evidence, nor . . . to make findings of fact [or] to resolve conflicts in the evidence." *Hays*, 907 F.2d at 1456.

When addressing the objections to the PF&R, the Court "shall make a *de novo* determination of those recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.; *see also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

### IV. APPLICABLE LAW

To assist the reviewing courts in determining whether the ALJ's findings are supported by substantial evidence, the ALJ must "explicitly indicate[] the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984). This is true because an ALJ

has a duty to "consider all evidence in [a claimant's] case record." 20 C.F.R. § 416.920(a)(3). Thus, "'unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he [or she] has given to obviously probative exhibits, to say that his [or her] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'" *Gordon*, 725 F.2d at 236 (internal quotation marks omitted) (quoting *Arnold v. Sec'y of Health, Ed. & Welfare*, 567 F.2d 258, 259 (4th Cir. 1977)). *See also* 20 C.F.R. § 404.1527(b)-(d); *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987) (remanding the case to the ALJ because the ALJ did not explain adequately why he credited one doctor's views over those of another doctor); *Bill Branch Coal Corp. v. Sparks*, 213 F.3d 186, 191 (4th Cir. 2000) (refusing to "guess" at the ALJ's rationale for discounting relevant evidence).

Within the Fourth Circuit, in the majority of cases remanded because of the ALJ's failure to weigh the evidence, the ALJ, "without explanation, disregarded objective evidence that supported a conclusion contrary to the one ultimately reached." *Leonhart v. Heckler*, 786 F.2d 1154, 1985 U.S. App. LEXIS 27075, at *9 (4th Cir. 1985) (unpublished table decision). In an unpublished opinion discussing the relevant case law, the Fourth Circuit held that the ALJ does not commit reversible error for failing to analyze all of the evidence if he or she specifically mentions the evidence in question, even only in passing, and the opinion is generally in accord with the evidence. *Stewart v. Apfel*, No. 98-1785, 1999 U.S. App. LEXIS 15685, at *11 (4th Cir., July 12, 1999) (unpublished opinion). The court affirmed an ALJ's decision to deny disability benefits where the ALJ was not as thorough as he could have been, but the magistrate judge and the district court judge found that there was substantial evidence in the record as a whole to support the decision to deny benefits. *Id.* at *14-15. This is especially true if the evidence disregarded is not the opinion of the

treating physician or contrary to that of the treating physician. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (opinion of treating physician generally must be given great weight); 20 C.F.R. § 404.1527(d)(2) (stating that ALJ should give greater, and in some cases controlling, weight to opinions of treating professionals).

Plaintiff argues that under Fourth Circuit law, the ALJ must discuss and weigh every piece of evidence, no matter its source or relevance. According to the case law, the evidence that is the subject of remand in most of the Fourth Circuit cases is either the plaintiff's testimony, or the treating physician's reports or opinions that have been disregarded by the ALJ, and conflict with his or her express findings. For example, in *Thomas v. Comm'r of Soc. Sec.*, 24 Fed. App'x 158 (4th Cir. 2001) (unpublished opinion), the court remanded because the ALJ failed to weigh a treating physician's disability reports. *Compare Slayton v. Apfel*, No. 98-1885, 1999 U.S. App. LEXIS 4822 (4th Cir., Mar. 22, 1999) (unpublished opinion) (remanding for failure to weigh and evaluate evidence from the plaintiff's treating physician), *with Nance v. Apfel*, No. 97-1782, 1997 U.S. App. LEXIS 34243 (4th Cir., Dec. 8, 1997) (unpublished opinion) (affirming a denial of benefits even though medical evidence from the plaintiff's nurse was not weighed because opinions of those other than trained medical doctors are not afforded as much weight). Similarly, in *Sanderlin v. Barnhart*, 119 Fed. App'x 527 (4th Cir. 2005) (unpublished opinion), the court held that if there were conflicting physician opinions, then the ALJ must produce explicit indications as to the weight given to all the evidence.[2]

---

[2] The court in *Sanderlin* relied on *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) and *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987).

This is not to say that evidence from the non-treating physician or from other non-medical sources need not be weighed and evaluated. As mentioned above, the ALJ is only required to explicitly indicate the weight given to relevant evidence. *See Gordon*, 725 F.2d at 235. Testimony of a non-medical source can be considered relevant under certain circumstances. In *Ivey v. Barnhart*, 393 F. Supp. 2d 387, 389-90 (E.D.N.C. 2005), the district court held that the ALJ's brief recitation of the testimony of the plaintiff's mother, without making a determination regarding the mother's credibility or assessing the weight to be given to her testimony, did not satisfy the ALJ's duty to discuss relevant evidence. The court stated that the mother's testimony was relevant because it provided support for the testimony of the plaintiff, and because the mother was the primary caretaker of her daughter, testified to the frequency of the severity of the seizures suffered by the plaintiff, and opined that the plaintiff was unable to work as a result of her infirmities. *Id*. at 390.

Other case law suggests, however, that testimony from other non-medical sources may not be relevant, and consequently need not be weighed, if it is essentially the same as evidence already evaluated in the ALJ's decision. Magistrate Judge VanDervort cited another case within this circuit where a magistrate judge relied on published opinions from the Seventh and Eighth Circuits, and recommended to the district court that there is no duty to evaluate the credibility of each of a plaintiff's witnesses when the testimony of those witnesses is essentially the same as the plaintiff's own. *Sifers v. Barnhart*, Civ. Action No. 7:05-cv-00583, 2006 U.S. Dist. LEXIS 38352, at *25 (W.D. Va. June 1, 2006) (unpublished opinion) (citing *Lorenzen v. Chater*, 71 F.3d 316, 319 (8th Cir. 1995); *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (per curiam)); *see also Robinson v. Sullivan*, 956 F.2d 836, 841 (8th Cir. 1992) ("Despite our repeated directives that the Secretary specifically discuss each credibility determination made . . . the Secretary has once again failed to

list specific reasons for discrediting the testimony of [a witness]. Nevertheless, it is clear that the ALJ specifically addressed [the witness's] testimony and found it not credible. This finding is supported by the same evidence that proved [claimant's] claims not credible. While it is preferable that the ALJ delineate the specific credibility determinations for each witness, an 'arguable deficiency in opinion-writing technique' does not require us to set aside an administrative finding when that deficiency had no bearing on the outcome."). Reconciling *Sifers* and *Ivey* with the established law in this circuit, the Court concludes that so long as the evidence from another non-medical source does not add anything different to evidence already weighed and evaluated by the ALJ, then the ALJ does not err by failing to weigh that evidence. This is because the disregarded evidence would be merely cumulative, not relevant, and would not trigger the ALJ's duty to discuss under *Gordon*. Keeping these principles in mind, the Court will now analyze whether the ALJ fulfilled her duties in this case.

*V. DISCUSSION*

    a.    <u>Panic Disorder without Agoraphobia</u>

The Defendant argues, and the magistrate judge found, that the ALJ did indeed consider the fact that Plaintiff was diagnosed with Panic Disorder without Agoraphobia when she underwent the consultative psychological examination conducted by Kelly Rush and supervised by Dale Rice. The Court agrees. The ALJ specifically discussed how Plaintiff underwent an examination by Kelly Rush, who reported that Plaintiff suffered from episodes that were consistent with "ADHD, Bipolar disorder and panic disorder without agoraphobia." Tr. 17. Rather than basing the ultimate decision of Plaintiff's diagnosis on the supervised psychologist's consultative examination, the ALJ focused on the diagnosis by Plaintiff's treating psychiatrist, Dr. Whelan, of Bipolar Disorder and Attention

Deficit Hyperactivity Disorder, and the reports from Dr. Whelan that indicate Plaintiff was doing quite well on her medications, which resulted in no dysfunction. Tr. 20. For example, in step two of the sequential evaluation process, the ALJ stated that "the medical evidence reflects that the claimant has Bipolar Disorder, (as diagnosed by Dr. Whelan), and Attention Deficit Hyperactivity Disorder as well as occasional gastrointestinal problems." Tr. 19. Given this language in the ALJ's decision, the Court is not convinced the ALJ failed to consider that Rush's examination revealed Plaintiff may have had Panic Disorder without Agoraphobia. The fact that the ALJ considered the evidence is established by the ALJ's notations of Plaintiff's complaints of panic attacks. Tr. 17. Furthermore, the ALJ made findings consistent with Plaintiff's treating psychiatrist with regard to diagnosis, and made symptomatic findings consistent with Kelly Rush's examination.[3] The ALJ noted that, during the mental status examination, Rush found that "the claimant was oriented; her mood was euthymic; affect was consistent; thought processes were logical and coherent; there were no indications of psychoses; insight and judgment were fair; memory was mildly impaired; concentration was average . . . the claimant had some difficulty concentrating on written materials. She did not report any other specific dysfunctional characteristics." Tr. 17. These symptoms are consistent with the ALJ's findings that "the medical evidence establishes that the claimant has Bipolar Disorder, NOS and Attention Deficit Hyperactivity Disorder . . . and the claimant has the

---

[3] The ALJ found that "in each of the examinations performed on a consulting basis, the information used on which to base the conclusions was solely that given by the [Plaintiff] with her mother sitting in on the interviews. It is apparent that this information is unreliable, motivated by financial gain, and the conclusions based on these interviews are accordingly suspect." Tr. 20-21. Whether or not Plaintiff's mother was present at Plaintiff's examination by Rush is unclear from the record. The Court will assume she was not because the ALJ made it a point to note that Plaintiff was accompanied by her mother when she was evaluated by John Terry, M.S. Tr. 18. Moreover, the ALJ found that "[t]he unsupported conclusions of the consultants acquired by counsel have been found to be insubstantial by the undersigned." Tr. 20.

residual functional capacity to perform work-related activities at all exertional levels with a moderate reduction in the ability to concentrate, a restriction to simple, unskilled tasks; she should avoid interaction with the general public, co-workers and supervisors and she should have access to bathroom facilities." Tr. 22.

In the cases that have been remanded within this circuit, the ALJs failed to mention the evidence completely, or failed to give their reasons for disregarding it. The evidence in most of those cases concerned physician reports or evidence, usually from the treating physician, that was substantially different from the results reached by the ALJ. *See Murphy*, 810 F.2d at 437; *Gordon*, 725 F.2d at 235. In Plaintiff's case, the ALJ considered the diagnosis of the examination conducted by Rush and apparently concluded that she would give more weight to the opinion of the treating physician because the treating physician's opinion generally must be given more weight than that of a non-treating physician. *Coffman*, 829 F.2d at 517; 20 C.F.R. § 404.1527 (d)(2) . To the extent that some of the diagnoses were conflicting, the ALJ explained why she came to the conclusion she did. Thus, the ALJ did not disregard objective evidence that supported a conclusion contrary to the one ultimately reached, and remand is not necessary. Accordingly, Plaintiff's first objection is **OVERRULED**.

      b.     <u>Testimony of Plaintiff's Grandmother</u>

Plaintiff's next objection is that the ALJ failed to take into account the testimony of Plaintiff's grandmother, Mrs. Donna Sue O'Neil. Plaintiff objects to the magistrate judge's reliance on *Sifers v. Barnhart*, Civ. Action No. 7:05-cv-00583, 2006 U.S. Dist. LEXIS 38352, at *25 (W.D. Va. June 1, 2006) (unpublished opinion), *Lorenzen v. Chater*, 71 F.3d 316, 319 (8th Cir. 1995), and *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (per curiam), and contends that these cases

should not be applied because the Fourth Circuit's standard is stricter than that of the Seventh and Eighth Circuits. By applying *Sifers*, Plaintiff argues that the Court would be "sweeping away decades of controlling precedent." Docket 19 at 5. In support of her argument, Plaintiff cites *Dean v. Barnhart*, 421 F. Supp. 2d 898 (D.S.C. 2006). In *Dean*, the district court remanded the case to the ALJ because the ALJ failed to give specific reasons in support of her finding that the testimony of the plaintiff and plaintiff's friend were less than fully credible. 421 F. Supp. 2d at 906. The ALJ's decision in *Dean* simply stated, "[t]he undersigned finds the claimant's allegations regarding his limitations are not totally credible in light of the evidence of record when considered in its entirety." *Id*. The district court found that this statement failed to abide by Social Security Ruling 96-7p, which emphasizes the importance of "explaining the reasons for the finding about the credibility of the *individual's* statements in the disability determination or decision." SSR 96-7p, 1996 SSR Lexis 4, 1996 WL 374186 at *1 (emphasis added).[4]

The court's reasoning in *Dean* does not apply to Plaintiff's case. Ruling 96-7p mandates that the ALJ explain the reasons for determining only the plaintiff's credibility, as opposed to another

---

[4] The relevant language of the ruling states, in pertinent part:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

SSR 96-7p, 1996 SSR LEXIS 4, 1996 WL 374186 at *2; *see also Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985) (stating that credibility determinations "should refer specifically to the evidence informing the ALJ's conclusion").

witness's credibility. This is because the plaintiff or claimant in a social security case is the *individual* that the language of the ruling addresses. *See Fisher v. Barnhart*, 181 Fed. App'x 359, 363 (4th Cir. 2006) (unpublished opinion) ("Two nearly identical regulations, 20 C.F.R. §§ 404.1529 and 416.929, explain how the Social Security Administration evaluates a claimant's symptoms to determine whether he or she is disabled, and *Social Security Ruling 96-7p clarifies these regulations by explaining when and how an ALJ can weigh the credibility of the claimant's own testimony*.") (emphasis added). In *Dean*, the ALJ gave no explanation why she discredited the plaintiff's testimony as not being credible, and thus remand was appropriate. Here, the ALJ did give the reasons for discrediting Plaintiff's credibility, she just failed to attribute those reasons directly to Mrs. O'Neil. The ALJ stated that both Plaintiff's testimony and her mother's testimony were not credible because "there appears to be a considerable degree of financial motivation. The answers given to the leading questions from the claimant's attorney appeared to be intended solely for the purpose of obtaining benefits and very little information was given to indicate the claimant was actually unable to function." Tr. 20. More importantly, the ALJ noted that "in each [examination] . . . the claimant was euthymic, affect was appropriate, thought content was normal and her behavior during the interviews was appropriate. This variation between her claimed behavior and that observed by the independent examiners is significant and the undersigned accordingly finds the allegations of the claimant to be not credible. Consequently her complaints are not found to be fully persuasive and have been given little weight." Tr. 21. Therefore, because the ALJ gave reasons for discounting Plaintiff's credibility, Ruling 96-7p and *Dean* are not applicable.

The inquiry then becomes whether Mrs. O'Neil's testimony was relevant, and if so, did the ALJ comply with 20 C.F.R. §§ 416.920(a)(3), 416.913(d)(4). Plaintiff's argument that the ALJ

-11-

failed to discuss Mrs. O'Neil's testimony as required by 20 C.F.R. §§ 416.920(a)(3), 416.913 (d)(4) presupposes that her testimony was relevant. *Gordon*, 725 F.2d at 235 (the court "cannot determine if findings are unsupported by substantial evidence unless the [ALJ] explicitly indicates the weight given to all of the relevant evidence"). In her objections, Plaintiff gives no explanation as to the relevancy of Mrs. O'Neil's testimony. She simply recites Mrs. O'Neil's testimony, and argues that the ALJ failed to weigh its credibility and that the reasons for discrediting Plaintiff's credibility do not apply to Mrs. O'Neil. Unlike the mother's testimony in *Ivey*, Mrs. O'Neil's testimony adds nothing to what had already been established by Plaintiff and Plaintiff's mother – testimony that the ALJ found unreliable. Therefore, if the ALJ already found essentially similar testimony unreliable, and explained her reasons for doing so, then there was no need for her to find the same with Mrs. O'Neil. *See Lorenzen*, 71 F.3d at 319; *Carlson*, 999 F.2d at 181. The Court does not find Plaintiff's argument that the same reasons used to discount the credibility of Plaintiff and her mother do not apply to Mrs. O'Neil persuasive. Mrs. O'Neil was Plaintiff's grandmother, and the reasons for discounting the credibility of Plaintiff's mother are likewise attributable to Mrs. O'Neil. *See Sifers*, 2006 U.S. Dist. LEXIS 38352, at *25; *Lorenzen*, 71 F.3d at 319; *Carlson*, 999 F.2d at 181.

The irrelevant nature of Mrs. O'Neil's testimony is obvious because the ALJ interrupted her and said that she had not added any evidence to shed light on the issue of medication compliance and "there is no doubt that [Plaintiff] has some problems that are consistent with acting out in a manic bipolar fashion." Tr. 385. The record reflects that the ALJ attempted to focus Mrs. O'Neil's testimony on an issue that would have supplemented the evidence in this case by questioning her about Plaintiff's compliance with medication, but Mrs. O'Neil was unable to advance that issue. Tr. 385-86. Thus, because the testimony was cumulative of Plaintiff's testimony, it was not

especially relevant, and the ALJ had no duty to weigh and evaluate it. Moreover, although not discussed in the parties' briefs, the ALJ found that Plaintiff suffered from Bipolar Disorder, which is consistent with Mrs. O'Neil's testimony. *See* Tr. 379-85. As such, remand is not warranted, and Plaintiff's second objection is **OVERRULED**.

    c.    <u>Futility</u>

Finally, even if the Court found that the ALJ erred in her written decision by failing to weigh and evaluate the diagnosis of Panic Disorder without Agoraphobia and Mrs. O'Neil's testimony, remand would be unnecessary because it would essentially "amount to no more than an empty exercise." *Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000). When the ALJ makes an error, the Court may nonetheless affirm the judgment to deny benefits if the ALJ conducted a proper analysis in a comprehensive fashion, cited substantial evidence to support the finding, and "there is no question but that [the ALJ] would have reached the same result notwithstanding his [or her] initial error." *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (Hall, J., concurring in part). This is true because "[n]o principle of administrative law or common sense requires [the Court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004) ("We are not required to remand where to do so would be an idle and useless formality.") (quoting *NLRB v. Wyman-Gordon*, 394 U.S. 759, 766 n.6 (1969) (plurality opinion) (where "remand would be an idle and useless formality," courts are not required to "convert judicial review of agency action into a ping-pong game")).

Here, as in the above cited cases, even if the Court determined that the ALJ erred, and remanded this case back to the ALJ, there is little doubt that the result would be the same. As

Magistrate Judge VanDervort noted, Plaintiff does not contend that she had a functional limitation from Panic Disorder without Agoraphobia. Rather, the argument is solely based on the fact that the ALJ did not explicitly consider whether or not Plaintiff had Panic Disorder without Agoraphobia based on Kelly Rush's report. Regardless of the diagnosis, the ALJ considered Plaintiff's symptoms, determined that the symptoms and resulting limitation were not as severe as to what Plaintiff testified, reduced her exertional level according to the credible medical findings, and focused on the issue of Plaintiff's failure to comply with her medication. *See* 20 C.F.R. § 404.1530 ("In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work. . . . If you do not follow the prescribed treatment without a good reason, we will not find you disabled . . . ."). Plaintiff has not demonstrated, and the Court cannot conclude, that a determination by the ALJ that Plaintiff also suffers from Panic Disorder without Agoraphobia would affect these findings, and would consequently change the result. Therefore, having reached her decision based on substantial evidence, it appears that given the analysis in the ALJ's decision, she would have reached the same result had she found Plaintiff to also have Panic Disorder without Agoraphobia.

Similarly, the same reasons that apply to discounting Plaintiff's testimony and her mother's testimony equally apply to Mrs. O'Neil, and remand would not affect the ALJ's conclusion. The fact that the ALJ found Plaintiff's testimony to be incredible is largely based on the finding that the testimony of her symptoms and resulting limitation were not in accord with the objective medical evidence from the examiners' observations. *See* Tr. 21. Thus, it would be pointless for the Court to remand this case back to the ALJ for the ALJ to weigh and evaluate the credibility and testimony of Mrs. O'Neil when the ALJ found that Plaintiff's similar description of her symptoms were

exaggerated, and their severity, as described by Plaintiff, were contrary to the medical observations of the doctors and psychologists. The ALJ's decision to give little weight to Plaintiff's testimony is supported by substantial evidence,[5] and any attempt to send this case back to the ALJ to discuss the credibility of Mrs. O'Neil's testimony would likely not change the result.

## VI. CONCLUSION

In both of Plaintiff's objections, she argued that the ALJ failed to perform her duty to consider and evaluate all relevant evidence. The underlying rationale behind the ALJ's duty to discuss is to permit the reviewing court to understand fully the basis for the ALJ's decision, and ensure that the conclusions reached are rational. *Arnold*, 567 F.2d at 259. In this case, the Court is clearly able to ascertain the basis for the ALJ's decision. The ALJ found that Plaintiff had symptoms consistent with Bipolar Disorder, NOS, and Attention Deficit Hyperactivity Disorder, as well as gastrointestinal problems, which caused the ALJ to reduce her exertional level accordingly. However, because of Plaintiff's failure to comply with treatment, the ALJ found Plaintiff was not entitled to benefits. *See* 20 C.F.R. § 404.1530. After reviewing the ALJ's decision, the Court is not left to guess as to the reasoning behind her conclusion, and remand would not serve any meaningful purpose.

For the reasons set forth above, the Court **OVERRULES** Plaintiff's objections to the Magistrate Judge's PF&R. Accordingly, the Court **ADOPTS** the recommendations of Magistrate Judge VanDervort and (1) **DENIES** Plaintiff's Motion for Judgment on the Pleadings; (2) **GRANTS** Defendant's Motion for Judgment on the Pleadings; (3) **AFFIRMS** the final decision of the

---

[5] *Shively v. Heckler*, 739 F.2d 987, 989-90 (4th Cir. 1984) (finding that because the ALJ had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight).

Commissioner; and (4) **DISMISSES** this matter from the Court's docket.  A Judgment Order will be entered contemporaneously with this Memorandum Opinion.  The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion to counsel of record, any unrepresented party, and Magistrate Judge VanDervort.

        ENTER:        March 26, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE